**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KURT MILLER WASSENAAR,
                    *Appellant,*

v.

LOUIS SIMONS; KENNETH R. LAPE; P.
SCOTT MORRILL; JOHN A. STALFORT;
RIVER ROAD COMMERCIAL
DEVELOPMENT PARTNERSHIP, LLP,
                    *Appellees,*

W. CLARKSON MCDOW, JR., United
States Trustee,
                    *Movant.*

No. 00-2394

LOUIS SIMONS; KENNETH R. LAPE;
SCOTT MORRILL; JOHN A. STALFORT;
RIVER ROAD COMMERCIAL
DEVELOPMENT PARTNERSHIP, LLP,
                    *Appellants,*

v.

KURT MILLER WASSENAAR,
                    *Appellee,*

W. CLARKSON MCDOW, JR., United
States Trustee,
                    *Movant.*

No. 00-2501

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-99-112-3, BK-99-1042-3, 99-65-AP)

Argued: June 5, 2001

Decided: August 23, 2001

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** S. Miles Dumville, REED, SMITH, HAZEL & THOMAS, L.L.P., Richmond, Virginia, for Appellant. Donald R. Morin, MORIN & BARKLEY, Charlottesville, Virginia; Robert Power Hodous, PAYNE & HODOUS, L.L.P., Charlottesville, Virginia, for Appellees. **ON BRIEF:** Robert F. Moorman, REED, SMITH, HAZEL & THOMAS, L.L.P., Richmond, Virginia; Bruce H. Matson, LECLAIR RYAN, P.C., Richmond, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case arises from an action for an accounting, contribution, and other relief brought against an ousted partner by the remaining partners and the partnership itself. The ousted partner appeals the district court's holding that the remaining partners are entitled to receive contribution from him in relation to a loan that was repaid through the partnership. He also contends that the court erred by settling his partnership account under former Va. Code Ann. § 50-42. The remaining partners cross appeal, arguing that the district court's calculation

under § 50-42 was in error. We affirm, primarily on the reasoning of the district court.

## I.

In 1989, Kurt Wassenaar ("Wassenaar") entered into a partnership agreement (the "agreement") with Louis Simons, Kenneth Lape, P. Scott Morrill, and John Stalfort, II (collectively, the "partners") under which they formed the River Road Commercial Development Partnership (the "partnership"). In 1993, Wassenaar and the partners borrowed $350,000 in their individual capacities from NationsBank (the "bank") for the purpose of infusing capital into the partnership. Wassenaar and the partners each executed the promissory note evidencing the loan (the "note") and agreed to be jointly and severally liable under it. The partnership had no liability under the note.

Having funded the partnership with the proceeds of the loan, Wassenaar and the partners were each credited with a $70,000 capital contribution in the partnership's records. For the sake of convenience, and to ensure the timeliness of the loan payments going forward, Wassenaar, who at that time served as managing general partner, established an accounting practice whereby the partnership issued checks to the bank under the note and the payments were in turn treated in the partnership's records as distributions to Wassenaar and the partners.[1]

The business relationship between Wassenaar and the partners ultimately soured, however, and on May 21, 1996, the partners voted to remove him from the partnership.[2] A short time later, the partners took out a $350,000 renewal note (the "renewal note") to replace the note, once again obligating themselves in their individual capacities. The renewal note finally was extinguished on December 1, 1998 with proceeds from a $2.8 million loan to the partnership. In the partnership's records, the final payment was treated as a reduction of debts owed by the partnership to the partners. Wassenaar, however, never

---

[1] These transactions were likewise treated as distributions on the partners' individual income tax returns. (J.A. at 194.)

[2] The partners nonetheless continued to utilize the payment and accounting methods described above.

reimbursed the partners for any of the payments made following his removal from the partnership.

On April 29, 1997, both the partners and the partnership sought judgment in Virginia state court against Wassenaar for balances allegedly due on his partnership account. The partners also sought contribution for Wassenaar's share of the balance outstanding on the note as of June 21, 1996. The court referred the case to a special commissioner (the "commissioner"), who conducted an evidentiary hearing and submitted a report. As to the contribution claim, the commissioner found that the partnership had made all of the payments on both the note and the renewal note. The commissioner also calculated the value of Wassenaar's partnership interest pursuant to former Va. Code § 50-42, arriving at a negative value.

Before the state court could act on the commissioner's report, Wassenaar filed a Chapter 11 bankruptcy petition and removed the case to the bankruptcy court. The bankruptcy court upheld the commissioner's report in its entirety, and further held that the partners had no right to contribution from Wassenaar because the partnership, rather than the partners, had made all of the loan payments.

On appeal, the district court reversed, holding that while the partnership had issued the checks by which the loan payments were made, it had done so on behalf of the partners, who were thus entitled to contribution. The court affirmed, however, the bankruptcy court's calculation of Wassenaar's partnership interest, holding that the commissioner's factual findings, upon which it was based, were not clearly erroneous. In so doing, the court denied Wassenaar's cross appeal, in which he alleged that the commissioner and the bankruptcy court had erred in applying § 50-42, in lieu of the winding up and liquidation provision in Article IX of the agreement, to settle his partnership account. These appeals followed.

## II.

In a bankruptcy case, "[w]e review de novo the decision of the district court, effectively standing in its place to review directly the findings of fact and conclusions of law made by the bankruptcy court." *Butler v. David Shaw, Inc.*, 72 F.3d 437, 440 (4th Cir. 1996). "While

we exercise plenary review of the bankruptcy court's legal conclusions, its factual findings may not be set aside unless they are clearly erroneous." *Id.* at 441.

### III.

Wassenaar first challenges the district court's holding that the partners are entitled to contribution. Under Va. Code Ann. § 8.3A-116 (Supp. 2000), "a party having joint and several liability who *pays* [a negotiable instrument such as the note or the renewal note] is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law." (Emphasis added.) Thus, if the partners "paid" the note and the renewal note, they are entitled to contribution from Wassenaar. Wassenaar maintains, as he did below, that the partners are not entitled to contribution because they made no payments in their individual capacities.

The district court relied on Va. Code Ann. §§ 8.3A-116 and 8.3A-602 (Supp. 2000) in holding that the partners are entitled to contribution. Under § 8.3A-602, a negotiable instrument is considered paid "to the extent payment is made (i) by *or on behalf of* a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument." (Emphasis added.) As noted above, the district court found that while the partnership actually issued the checks, it was nonetheless clear that it did so "on behalf of" the partners within the meaning of § 8.3A-602. For this reason, the court held that the partners were entitled to contribution from Wassenaar under § 8.3A-116.

We agree with the district court that the partnership made the relevant loan payments on behalf of the partners. Wassenaar admits that he personally established the payment practice for the sake of his and the partners' convenience only. As noted above, the partnership assumed no liability under the relevant loans, the payments themselves were treated as distributions to Wassenaar and the partners on the partnership's books, and the partners likewise treated the payments as distributions for tax purposes. The final payment, moreover, was treated in the partnership's records as a reduction of debts the partnership owed to the partners. On these facts, it is clear that the partners, rather than the partnership, effectively "paid" the relevant

debts within the meaning of § 8.3A 116.[3] We therefore affirm the district court's holding that the partners are entitled to contribution from Wassenaar.

## IV.

Wassenaar next argues that the district court erred in settling his partnership account under former Va. Code Ann. § 50-42.[4] Under § 50-42, where a partner is removed from a continuing partnership, and no settlement of the ousted partner's accounts has occurred, the ousted partner,

> *unless otherwise agreed* . . . may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of

---

[3]Having reached this conclusion on the strength of § 8.3A-116, it is unnecessary for us to decide the applicability of § 8.3A-602, and we accordingly express no view on that issue. We further note our agreement with the district court that *Green v. Foley*, 856 F.2d 660 (4th Cir. 1988), does not assist Wassenaar here. We additionally note that the recent decision of the Virginia Supreme Court in *Investor Associates v. Copeland*, 546 S.E.2d 431 (Va. 2001), does nothing to alter our conclusion on the contribution issue. There, the course of the parties' conduct, as revealed primarily by the documents relating to the transactions at issue, indicated that the true nature of those transactions belied the plaintiffs' argument that they had effectively lent and advanced funds directly to the partnership being dissolved. *See Copeland*, 546 S.E.2d at 435-36. Here, by contrast, the course of conduct, as revealed primarily through the documents reflecting the parties' treatment of the loan payments, indicates that those payments were in effect made by the partners, not the partnership, such that the partnership was a mere conduit. In short, *Copeland* is distinguishable from the instant case on its facts. We also note that in both cases, the fact that the partnership at issue is a distinct legal entity, while relevant, is not dispositive.

[4]Although the former Uniform Partnership Act, Va. Code Ann. §§ 50-1 through -43.12 (1998), was repealed, effective January 1, 2000, by Acts 1996, ch. 292, its provisions, including § 50-42, remain applicable here under Va. Code Ann. § 50-73.149 (1998).

interest, the profits attributable to the use of his right in the property of the dissolved partnership.

*Id.* (emphasis added). Wassenaar essentially contends that he and the partners have "otherwise agreed" that the partnership must be wound up and liquidated under Article IX of the agreement. In Wassenaar's view, the partners, by neglecting to make an offer to purchase his partnership share, failed to follow the procedures set forth in Articles VI and VII of the agreement. Since Article IX governs where Articles VI and VII have not been followed, Wassenaar argues that he and the partners have agreed to a winding up and dissolution under Article IX, and that the district court's application of § 50-42 consequently was improper. Wassenaar additionally maintains that even if § 50-42 were applicable, it would nevertheless be improper to interpret it to require him to pay the equivalent of the negative net value of his partnership interest, because § 50-42 by its terms only speaks to amounts that an outgoing partner may receive.

Upon review of the parties' briefs and the applicable law, and having had the benefit of oral argument, we agree with the district court that Article IX of the agreement is inapplicable here. Under Article VII, the partners were not required to make an offer for Wassenaar's partnership interest. As the district court explained, Article IX does not apply in these circumstances. Because no settlement of Wassenaar's account has been effected, § 50-42 was properly invoked.

We also agree that requiring Wassenaar to pay the negative net value of his partnership interest avoids the "illogical result" that would flow from Wassenaar's reading of § 50-42, whereby he, as an ousted partner, "could collect his share of any positive value in the partnership, while at the same time standing immune from contribution for his share of the partnership's liabilities." (J.A. at 386.) We therefore affirm, on the reasoning of the district court, its holding that the settlement of Wassenaar's account under § 50-42 was proper.

V.

Finally, in their cross appeal, the partners maintain that the district court erred in affirming the commissioner's actual calculation of Wassenaar's partnership interest under § 50-42. In sum, the partners

argue that the commissioner improperly valued the partnership's assets, thereby rendering the final calculation of Wassenaar's interest inaccurate. Having considered all of the arguments presented by the partners and the partnership on this issue, we conclude that the factual findings that served as the basis for the calculation of Wassenaar's partnership interest were supported by the evidence and not clearly erroneous. Consequently, we affirm, on the reasoning of the district court, the calculation of Wassenaar's liability under § 50-42.

*AFFIRMED*